**SO ORDERED.**

**SIGNED this 13 day of April, 2023.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                        CASE NO. 19-04614-5-DMW

**MARCUS C. PURDY**
**AMANDA J. PURDY**
                                                                        CHAPTER 13
            **DEBTORS**

### MEMORANDUM OPINION IN SUPPORT OF
### ORDER DISMISSING CASE AND BARRING FUTURE PETITIONS

This matter came on to be heard upon the Chapter 13 Trustee's Motion to Dismiss Case with Prejudice ("Motion to Dismiss") filed by John F. Logan, Esq. ("Trustee"), Chapter 13 trustee at the time,[1] on August 23, 2022, the Bankruptcy Administrator's Response in Support of the Trustee's Motion to Dismiss this Case with Prejudice filed by the United States Bankruptcy Administrator ("BA") on August 26, 2022 and the Debtors' Response to Motion to Dismiss filed by Marcus C. Purdy ("Mr. Purdy") and Amanda J. Purdy ("Ms. Purdy") (collectively, "Debtors") on September 12, 2022.

The court conducted a hearing in Raleigh, North Carolina on September 27, 2022. Michael B. Burnett, Esq. appeared for the Trustee, Brian C. Behr, Esq. appeared as the BA, and Travis

---

[1] On January 3, 2023, the court appointed Michael B. Burnett, Esq. as trustee.

Sasser, Esq. appeared for the Debtors. At the conclusion of the hearing, and based upon the pleadings, the evidence presented, including the testimony of Ms. Purdy, the arguments of counsel and the case record, the court dismissed the Debtors' case with prejudice to Mr. Purdy and Ms. Purdy filing subsequent bankruptcy petitions for a period of five years and ten years, respectively. On March 21, 2023, the court entered an Order Dismissing Case and Barring Future Petitions to implement its oral ruling. This Memorandum Opinion sets forth the court's findings of fact and conclusions of law, as follow:

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine the matter pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.  The Debtors filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on October 7, 2019. At that time, the Debtors rented their residence located at 343 Edgecroft Way in Fuquay Varina, North Carolina, and that address was designated as the Debtors' mailing address on the petition.

3.  On October 9, 2019, the court entered an Order and Notice to Debtor imposing certain requirements on the Debtors during the pendency of their case, including that the Debtors notify the court and Trustee of any change in mailing address and notify the Trustee of any substantial change in property ownership. Paragraph 11 of the Order and Notice to Debtor also stated as follows: "Incurring Debt: You must not purchase additional property or incur additional debt in excess of $10,000.00 without prior approval of the court."

2

4. The court confirmed the Debtors' Chapter 13 Plan ("Plan") on April 10, 2020. Section 7.2 of the Plan, as proposed by the Debtors, stated that the use of property by the Debtors would remain "subject to the requirements of 11 U.S.C. []§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules."

5. At the hearing, the Trustee stated that allowed claims of general unsecured creditors total $124,675.40. He estimates that if the Debtors were to complete payments under the Plan, then general unsecured creditors with allowed claims would receive a dividend of less than one percent on those claims before the balance would be discharged pursuant to 11 U.S.C. § 1328. If the Debtors completed the Plan, then they would also discharge unsecured debt for which no claim has been filed. The Trustee stated that the Debtors listed on their schedules of liabilities general unsecured debt totaling $105,901.03 for which no claim has been filed. In total, if the Debtors were to complete the Plan and obtain a discharge, then they would discharge up to approximately $230,000.00 in debt.

6. On December 8, 2021, the Debtors filed a Motion ("Motion to Incur Debt") seeking court approval to finance, through a loan from Veterans United Home Loans, the purchase of residential real property. The Debtors filed the Motion to Incur Debt pursuant to this district's local rules ("Local Rules") which require Chapter 13 debtors to obtain court approval prior to incurring "additional debt of $10,000 or more" or purchasing "any item of property of $10,000 or more with non-exempt assets . . . ." E.D.N.C. LBR 4002-1(g)(5), (6). On December 16, 2021, the Trustee indicated on the case docket that he had no objection to the Motion to Incur Debt, but the court scheduled the matter for hearing to obtain details about the anticipated debt and purchase.

7. The court conducted a hearing on the Motion to Incur Debt on January 5, 2022. At that hearing, Ms. Purdy testified that the purchase price of the property the Debtors sought to

purchase was $560,000.00, and monthly payments on the loan would be approximately $2,900.00, including escrow payments. She testified that the Debtors have two children that live with them, and Mr. Purdy's mother also lives with the Debtors. Mr. Purdy has two teenage daughters that stay overnight with the Debtors on alternating weekends. Ms. Purdy testified about the size of the Debtors' rental residence and the property they hoped to purchase.

8. The court denied the Motion to Incur Debt with an oral ruling at the conclusion of the hearing on January 5, 2022, memorialized in an Order ("Denial Order") entered on January 12, 2022. The court found that the purchase price and the related anticipated monthly payment were unreasonably high under the circumstances of this case, and the proposed purchase did not appear to be in the Debtors' best interests. The additional debt the Debtors sought to incur would, in the court's opinion, jeopardize a successful completion of the Plan and the resulting discharge of the pre-petition indebtedness.

9. The Debtors filed a Motion to Reconsider the Denial Order, and the court conducted a hearing on January 19, 2022. At that hearing, Ms. Purdy identified the real property the Debtors were seeking to purchase, located at 117 Amsterdam Drive, Clayton, North Carolina ("Property"). She also provided additional testimony regarding the needs of the Debtors' son and Mr. Purdy's mother, asserting the Property would better serve those needs than the rental residence. Mr. Purdy also testified about his income and expenses. The court determined that the Debtors did not provide any testimony at the hearing on the Motion to Reconsider that was not otherwise available for presentation at the hearing on the Motion to Incur Debt, and the Debtors had not established grounds for the court to reconsider its prior ruling pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[2] The court denied orally, in the presence of both Debtors, the Motion to

---

[2] Made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

Reconsider at the conclusion of the hearing on January 19, 2022. The court entered a related Order on February 23, 2022. The Debtors did not appeal that Order or the previously entered Denial Order.

10. In April 2022, the Trustee obtained an Order from the court, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, requiring the Debtors to produce evidence of their income and copies of statements for any depository and investment accounts for the period of January 1, 2022 through April 30, 2022.[3]

11. Upon review of the documents provided by the Debtors, the Trustee learned that the Debtors were making regular monthly payments to PennyMac Financial Services. Upon additional investigation, the Trustee discovered that the Debtors incurred debt and purchased the Property after the court entered the Denial Order and after the court denied orally the Motion to Reconsider. The Debtors were vested with title to the Property by deed dated January 21, 2022 and recorded with the Johnston County Register of Deeds on January 27, 2022. To secure the financing of the purchase, the Debtors executed a Deed of Trust dated January 26, 2022, whereby the Debtors pledged the Property to secure repayment of a promissory note in favor of Mortgage Research Center, LLC dba Veterans United Home Loans ("Veterans United") with a principal amount of $560,000.00.[4] The Debtors subsequently moved into the Property but did not notify the court of a change in their mailing address as required by the Order and Notice to Debtor entered at the outset of the case.

---

[3] At the hearing on the Motion to Reconsider, counsel for the Trustee noted that in light of the Debtors' testimony regarding increases in their income, the Trustee's office would be reviewing the Debtors' financial circumstances to determine if modification of the Plan might be appropriate in order to increase the dividend to general unsecured creditors.

[4] It appears that the promissory note has been assigned to PennyMac Financial Services, or PennyMac Financial Services as the servicer of the mortgage loan.

12. At the hearing, the Trustee presented emails between Bobby Moss, a senior loan officer with Veterans United, and Ms. Purdy. On January 7, 2022, two days after the hearing at which the court denied the Motion to Incur Debt, Ms. Purdy sent to Mr. Moss an image of the case docket reflecting the Trustee's notation on December 16, 2021 that he did not object to the Motion to Incur Debt.[5] In response, Mr. Moss stated: "We need a document on letterhead from the Trustee regarding approval to proceed with the purchase." On January 21, 2022, two days after the hearing on the Motion to Reconsider, Ms. Purdy emailed to Mr. Moss a letter ("Letter") dated January 20, 2022 with the following language at the top margin of the page:

**JOHN F. LOGAN**
**OFFICE OF THE CHAPTER 13 TRUSTEE**
EASTERN DISTRICT OF NORTH CAROLINA-RALEIGH DIVISION

The Letter stated: "To Whom It May Concern: Our office fully supports Marcus and Amanda Purdy obtaining a mortgage." The Letter included a signature purporting to be the signature of the Trustee, but Ms. Purdy has admitted that she created the letterhead template bearing the Trustee's office and description and signed the Trustee's name to the Letter. After Mr. Moss received the forged letter from Ms. Purdy, Veterans United proceeded to finance the purchase of the Property.

13. On April 27, 2022, the Property was consumed by a structural fire. The Debtors filed a notice of change in address with the court on May 16, 2022, reflecting a new address of 208 Lanier Place in Clayton, North Carolina.

14. The Trustee conducted an examination of Ms. Purdy under oath on June 30, 2022, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. At that examination, counsel for the Trustee asked Ms. Purdy if she had submitted any documents to Veterans United that

---

[5] Ms. Purdy obtained the image from Mr. Sasser on January 6, 2022, the day after the court denied orally the Motion to Incur Debt.

purported to be from the Trustee or the court. Ms. Purdy replied that she had not.[6] The Trustee subsequently obtained a copy of the Letter from Veterans United.

15. The Trustee requests the court dismiss this case pursuant to 11 U.S.C. § 1307(c). The Trustee cites as cause for dismissal the Debtors' knowing and willful violation of the Denial Order, the Order and Notice to Debtor entered at the outset of the case and the Local Rules. The Trustee also asserts the Debtors violated the terms of Section 7.2 of the Plan stating that the use of property remains subject to the Local Rules. The Trustee asserts that "the manner and timing of [the Debtors'] violation[s] is cause for dismissal with prejudice." The Trustee requests that the Debtors be prohibited from filing a subsequent petition, either jointly or individually, for a period of fifteen years.

16. The Debtors oppose the Motion to Dismiss and set forth numerous arguments against dismissal. They assert that violation of a local rule of bankruptcy procedure should not warrant dismissal of a Chapter 13 case, and no harm resulted from their violation of the Local Rules. The Debtors dispute that they violated Section 7.2 of the Plan and argue that the reference therein to the use of property remaining subject to "Local Rules" does not refer to the Local Rules at issue in this case. They assert that the bar on future petitions proposed by the Trustee is inappropriate and excessive. The Debtors also challenge the validity of the Local Rules, asserting, among other arguments, that the Local Rules abridge and modify impermissibly the Debtors' substantive rights.

17. The court will address certain of the arguments raised by the Debtors; however, the court will not address the Debtors' challenges to the validity of the Local Rules. The matter before the court involves the violation of the Local Rules and court orders involving the Local Rules, but

---

[6] At the hearing, Ms. Purdy testified that she must have misunderstood the question when she made that statement on June 30, 2022.

7

the arguments regarding the validity of the Local Rules are not properly before the court. The court determined the Local Rules to be proper when it made the Local Rules, as amended,[7] and any consideration of their propriety should be conducted by the United States District Court for the Eastern District of North Carolina, if properly presented.

18.   Pursuant to § 1307(c),

> on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a [Chapter 13] case . . . to a case under chapter 7 of this title, or may dismiss a [Chapter 13] case . . . , whichever is in the best interests of creditors and the estate, for cause . . . .

11 U.S.C. § 1307(c). "Reasons constituting 'cause' for dismissal include enumerated ones, such as unreasonable and prejudicial delay by the debtor or material default by the debtor, 11 U.S.C. § 1307(c)(1), (6), as well as judicially construed ones such as bad faith." *Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 148 (4th Cir. 1996) (quoting 11 U.S.C. § 1307(c) and citing *In re Love*, 957 F.2d 1350 (7th Cir. 1992)).

19.   The Debtors argue that violation of a local rule of practice and procedure does not warrant dismissal of a case, but that characterization of the Debtors' actions, and in particular, the malicious actions of Ms. Purdy, grossly minimizes the egregious misconduct. The Debtors violated the Local Rules. They violated the Order and Notice to Debtor. They violated the Denial Order. They violated and ignored the court's oral ruling denying the Motion to Reconsider. Ms. Purdy created a fictious letter, complete with official-looking letterhead from the Trustee's office and forged the Trustee's signature. With this fraudulent inducement tool, Ms. Purdy misrepresented the Trustee's position on the debt incurrence through Veterans United. The

---

[7] Rule 9029 of the Federal Rules of Bankruptcy Procedure permits district courts to authorize the bankruptcy judges of the district to make and amend rules of practice and procedure. Fed. R. Bankr. P. 9029(a)(1). The United States District Court for the Eastern District of North Carolina has authorized this court to make and amend its local rules. *See In re Local Bankruptcy Rules*, Standing Order 87-PLR-3 (E.D.N.C. Oct. 8, 1987).

Trustee's "no objection" text entry on the docket pending court review and ultimate determination can in no way be confused or interpreted as "fully support[ing]" the contemplated transaction.[8] Even if the language of Section 7.2 of the Plan, stating that the use of property by the Debtors would remain "subject to the requirements of 11 U.S.C. []§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules," did not apply to the circumstances of this case, which it most emphatically does, the Debtors' other actions, inactions and transgressions justify dismissal of the case.

20. The Debtors cited at the hearing the case of *Janvey v. Romero*, 883 F.3d 406 (4th Cir. 2018), and the limitations the Fourth Circuit Court of Appeals has placed on what might constitute cause for dismissal of a bankruptcy case.[9] That court found that "acknowledging that bad faith [in filing a petition] may constitute 'cause' . . . also requires that the remedy of dismissal be reserved for cases of real misconduct," and "bad faith exists only where 'the petitioner has abused the provisions, purpose, or spirit of bankruptcy law.'" 883 F.3d at 412 (quoting 11 U.S.C. § 707(a) and *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3rd Cir. 2000)). Those limitations do not protect the Debtors in this case. On the contrary, they describe the Debtors' actions of misconduct in the form of forgery and the blatant abuse of the provisions, purpose and spirt of the Bankruptcy Code.

21. The Debtors could have voluntarily dismissed their case to remove any bankruptcy-related prerequisite to obtaining a loan. Instead, the Debtors sought to maintain the protections and benefits they were enjoying, such as a stay of collection actions and the opportunity to

---

[8] As explained by the BA at the hearing, his office uses the "no objection" docket entry routinely to indicate to the Clerk's office that the BA does not intend to file an objection to a particular pleading, to allow the Clerk's office to process the pleading for review by the court.

[9] In *Janvey v. Romero*, the court was addressing dismissal of a Chapter 7 case under 11 U.S.C. § 707(a), but that provision is substantially the same as § 1307(c).

9

discharge significant unsecured debt, while furtively violating the Order and Notice to Debtor, the Denial Order, the oral ruling denying the Motion to Reconsider and the Local Rules. The Debtors noted at the hearing that the Fourth Circuit Court of Appeals stated in *Janvey v. Romero* that "the Code incentivizes individuals to incur debt and thereby support both creditors and our capital markets," 883 F.3d at 411, but the Debtors certainly were not advancing the purpose of the Bankruptcy Code when they knowingly violated orders of this court. "Good faith and candor are necessary prerequisites to obtaining a fresh start," and the Debtors have squandered the opportunity to remain in this case to completion. *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991) (quoting *In re Jones*, 114 B.R. 917, 926 (Bankr. N.D. Ohio 1990)). Cause exists to dismiss this case under § 1307(c).

    22.    Pursuant to 11 U.S.C. § 349,

> [u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in [11 U.S.C. § 109(g)].

11 U.S.C. § 349(a). To bar the discharge, in a subsequent case, of all debts present in this case would be to inflict the "capital punishment of bankruptcy" on the Debtors. *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 937 (4th Cir. 1997) (quoting *In re Merrill*, 192 B.R. 245, 253 (Bankr. D. Colo. 1995)). The relief requested by the Trustee, a fifteen-year bar on filing any subsequent petition, is also a bit extraordinary. Section 109(g), referenced in § 349(a), imposes a 180-day bar on refiling for debtors whose "case was dismissed by the court for willful failure of the debtor to abide by orders of the court," but that time period is not a maximum limitation on the court. 11 U.S.C. § 109(g); *In re Stockwell*, 579 B.R. 367, 373 (Bankr. E.D.N.C. 2017).

23. Under the circumstances of this case, a substantial temporal bar on filing subsequent petitions is appropriate. This case involves the Debtors' willful failure to abide by court orders compounded with additional bad acts. The court will not impose a fifteen-year bar as suggested by the Trustee, but based on the egregious nature of the Debtors' actions, the court finds cause to dismiss this case with prejudice to Ms. Purdy filing a subsequent petition for a period of ten years, and with prejudice to Mr. Purdy filing a subsequent petition for a period of five years. The evidence before the court established that Ms. Purdy intentionally devised a fraudulent scheme of concocting a letter with a fraudulent and unauthorized signature to obtain financing from Veterans United that she knew was not approved by the court. The testimony indicates that Mr. Purdy had no knowledge that Ms. Purdy created the fictitious Letter and had no contact with Veterans United during the loan application and approval process. Ms. Purdy's actions warrant a longer bar on filing a subsequent petition. Mr. Purdy is not without fault, though, as he knew the court had denied explicitly the Motion to Incur Debt and the Motion to Reconsider. While Mr. Purdy may not have participated in the creation of the Letter, he reaped the benefits of the ill-begotten financing and participated in the execution of the Deed of Trust in favor of Veterans United. His apparent willful ignorance of the Letter and the fraud created, especially when he had full knowledge that the court had not approved the incurrence of the debt, warrants a bar on filing a subsequent petition, but for a shorter period of time.

24. The Debtors, citing cases involving civil contempt and sanctions such as *De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518 (4th Cir. 2022), and *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), assert that damages are a necessary element to any order punishing the Debtors for their misconduct; however, the Trustee and BA are not seeking a finding of civil contempt in this case. The Trustee is seeking dismissal pursuant to § 1307(c), and the court has found cause

for dismissal. Section 349 of the Bankruptcy Code, in turn, contemplates that dismissal may be with prejudice to the filing of a subsequent petition. The Trustee cited in the Motion to Dismiss Local Bankruptcy Rule 9011-3, which warns of potential sanctions for failure to comply with any Local Rule. The court will not impose monetary sanctions, which are more than appropriate in the case, but the court is dismissing the case with prejudice pursuant to §§ 1307(c) and 349 for violating the Local Rules *and* orders of the court.

25. The Debtors' statement, uttered by their counsel at the hearing, that no damage has been caused by their actions reflects unmatched callousness and narcissism this court has not witnessed in recent history. Although creditors of the Debtors may not have been harmed by the Debtors' actions to date, the Debtors' lack of deference to the orders of this court harms the entire bankruptcy system and all the other "honest but unfortunate" debtors who adhere to the requirements under state and federal laws and the orders of the judiciary. The United States District Court for the Eastern District of North Carolina has referred all cases under Title 11 to this court, with the expectation that this court will maintain order and uphold the dignity of those proceedings. The Debtors have eschewed that order and dignity. Even if the prohibitions on filing subsequent petitions constitute sanctions that should be analyzed generally under the objective "no fair ground of doubt" standard of *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), the Debtors had no objectively reasonable basis to believe that they were permitted to incur debt and purchase the Property while their case remained pending in this district. Ms. Purdy testified that after the hearing on January 19, 2022, she did not believe she was permitted to obtain a mortgage loan without court approval.

26. The Debtors sought to have the Property and discharge their unsecured debts too. Allowing the Debtors to continue in their bankruptcy case and obtain a discharge would send the

message to parties before this court – both debtors and creditors – that this court's orders may be disregarded at the whim of the affected party. For these reasons, the court found that this case must be dismissed, with prejudice to the Debtors filing subsequent petitions as stated in the court's March 21, 2023 Order Dismissing Case and Barring Future Petitions.

27. In addition, the BA shall undertake such additional investigation and review of this matter for referral, in his discretion, to the United States Attorney for consideration of prosecution for any violation of federal law that may have occurred by the Debtors.

END OF DOCUMENT