IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-170-D

| | |
|---|---|
| MARCUS C. PURDY, and AMANDA J. PURDY, )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>MICHAEL BURNETT, TRUSTEE, and BRIAN C. BEHR, BANKRUPTCY ADMINISTRATOR, )<br>)<br>Appellees. ) | **ORDER** |

On August 23, 2022, Marcus and Amanda Purdy's ("the Purdys" or "appellants") chapter 13 trustee ("Trustee" or "appellee") moved under 11 U.S.C. § 1307(c) to dismiss the Purdys' bankruptcy case in the United States Bankruptcy Court for the Eastern District of North Carolina ("bankruptcy court"). See [D.E. 1] 3. On September 27, 2022, the bankruptcy court held a hearing on the Trustee's motion to dismiss. See id.; [D.E. 12]. On March 21, 2023, the bankruptcy court dismissed the case, barred Amanda Purdy from refiling for bankruptcy for ten years, and barred Marcus Purdy from refiling for bankruptcy for five years. See [D.E. 1] 4. The Purdys appealed. See id. at 1. As explained below, the court affirms the bankruptcy court's judgment.

I.

On October 7, 2019, the Purdys filed a chapter 13 bankruptcy case. See [D.E. 10-1] 1–11. The bankruptcy court appointed John F. Logan to serve as the Trustee.[1] On October 9, 2019, the bankruptcy court issued an Order and Notice to Debtor ("Order and Notice") which imposed certain

---

[1] On January 3, 2023, the bankruptcy court appointed Michael Burnett, the named appellee in this appeal, as successor trustee. See [D.E. 10-2] 9 n.1. John F. Logan served as the Trustee at all times relevant in this case.

requirements on the Purdys during their bankruptcy case. See [D.E. 10-2] 10. The Order and Notice, in part, prohibited the Purdys from "purchas[ing] additional property or incur[ring] additional debt in excess of $10,000.00 without prior approval of the [bankruptcy] court." Id. On April 10, 2020, the bankruptcy court confirmed the Purdys' Chapter 13 Plan ("the Plan"). See id. at 11. The Plan provided that the Purdys' use of property would remain "subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules." Id. (alteration omitted).

On December 8, 2021, the Purdys moved to incur debt to finance their purchase of a new residence. See id.; [D.E. 10-1] 12–13. Specifically, the Purdys sought to finance their purchase through a loan from Veterans United Home Loans ("Veterans United"). See [D.E. 10-1] 12–18. The Trustee did not object to the Purdys' motion. See [D.E. 10] 10; [D.E. 10-2] 11. On January 5, 2022, the bankruptcy court held a hearing on the motion concerning the purchase and debt. See [D.E. 10-2] 11–12. At the end of the hearing, the bankruptcy court orally denied the motion. See id. at 12. On January 12, 2022, the bankruptcy court memorialized its oral ruling in a written order. See id.; [D.E. 10-1] 19–21. On January 13, 2022, the Purdys moved for reconsideration. See [D.E. 10] 10. On January 19, 2022, the bankruptcy court held a hearing on the Purdys' motion to reconsider. See [D.E. 10-2] 12. At the end of the hearing, the bankruptcy court orally denied the motion. See id. at 12–13. On February 23, 2022, the bankruptcy court memorialized its oral ruling in a written order. See id. at 13. The Purdys did not appeal the denial of their motion to incur debt or the denial of their motion to reconsider.

On April 28, 2022, after learning that the Purdys' household income had increased, the Trustee moved to compel the Purdys to produce certain documents under Federal Rule of Bankruptcy Procedure 2004. See [D.E. 10] 11; [D.E. 10-1] 23. On April 29, 2022, the bankruptcy court granted the motion. See [D.E. 10] 11. After reviewing the documents, the Trustee learned that the Purdys were making regular payments to PennyMac Financial Services. See [D.E. 10-2] 13. The Trustee

2

investigated and discovered that shortly after the bankruptcy court denied the Purdys' motion to incur debt and motion to reconsider, the Purdys secured a $560,000.00 mortgage from Veterans United and bought a new residence. See id. As part of the Trustee's investigation, the Trustee learned that on January 7, 2022, Amanda Purdy told a Veterans United senior loan officer that the Trustee did not object to the Purdys' motion to incur debt. See id. at 14. The loan officer responded that "[w]e need a document on letterhead from the Trustee regarding approval to proceed with the purchase." Id. On January 21, 2022, two days after the bankruptcy court denied the Purdys' motion to reconsider, Amanda Purdy emailed a letter to the loan officer which was written on what appeared to be the Trustee's letterhead, and it stated that "[o]ur office fully supports Marcus and Amanda Purdy obtaining a mortgage." Id. The letter included a signature purporting to be the Trustee's signature. See id. In fact, Amanda Purdy had forged the letter and then lied under oath to the Trustee about her fraud. See id. at 14–15.

On August 23, 2022, the Trustee moved under 11 U.S.C. § 1307(c) to dismiss the Purdys' case because of their "clear disregard for and violation of the orders and rules of [the bankruptcy court], and the terms of their plan." See [D.E. 10-1] 22–25. Specifically, the Trustee alleged the Purdys "knowingly and willfully" violated: (A) the bankruptcy court's oral and written orders denying the Purdys' motion to incur debt; (B) the bankruptcy court's Order and Notice, which required the Purdys to notify the Trustee of any change in their mailing address and property ownership and which conditioned the Purdys' incurring of post-petition debt; (C) Eastern District of North Carolina Local Bankruptcy Rules 4002-1(g)(5) & (6) ("the Local Rules"); and (D) a term of their Plan, which required the Purdys to adhere to local bankruptcy rules. See id. at 24–25. On September 27, 2022, the bankruptcy court held a hearing. See [D.E. 10-2] 3; [D.E. 12]. The bankruptcy court made detailed findings of fact and conclusions of law, found that Amanda Purdy had violated the court's orders and the Bankruptcy Code via her fraud, and dismissed the case with prejudice. See [D.E. 10-2] 7–21.

II.

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from the "final judgments, orders, and decrees" of bankruptcy courts. In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001); see Mort Ranta v. Gorman, 721 F.3d 241, 246 (4th Cir. 2013); McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011); In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir. 1986). No uniform rule, however, has developed to determine when an order or judgment is final. See Brandt, 242 F.3d at 13. An order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per curiam) (unpublished) (alteration omitted); see Mort Ranta, 721 F.3d at 246; McDow, 662 F.3d at 287; In re Comput. Learning Ctrs., Inc., 407 F.3d at 660.

A district court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). "[I]n reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made a part of the record." In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988); see Fed. R. App. P. 10(a); Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); Arcari v. Marder, 225 B.R. 253, 256 (D. Mass. 1998).

In this appeal, the court must determine whether the bankruptcy court erroneously dismissed the Purdys' chapter 13 case. See [D.E. 17] 6–7; [D.E. 19] 7. "Bankruptcy Code § 1307(c) establishes a two-step analysis for dealing with questions of conversion and dismissal." Miller v. Gorman, No. 1:22-cv-901, 2023 WL 5916459, at *3 (E.D. Va. Sept. 11, 2023) (unpublished) (quotation and alteration omitted). First, the record must reflect "cause to act." Id. (quotation omitted). Second, the bankruptcy court must choose between conversion and dismissal based on the

4

"best interests of the creditors and the estate." 11 U.S.C. § 1307; see Miller, 2023 WL 5916459, at *3. If the bankruptcy court dismisses the case, "so long as the [bankruptcy] court finds cause, a bankruptcy action may be dismissed with prejudice for 180 days, or more, without violating the terms of" the Bankruptcy Code. In re Jolly, 143 B.R. 383, 387 (E.D. Va. 1992), aff'd sub nom. Jolly v. Great W. Bank, 45 F.3d 426, 1994 WL 717626 (4th Cir. 1994) (per curiam) (unpublished table decision).

A bankruptcy court "may dismiss a case . . . for cause." 11 U.S.C. § 1307(c). The term "for cause" includes statutorily enumerated reasons for dismissal and "judicially construed ones such as bad faith." In re Kestell, 99 F.3d 146, 148 (4th Cir. 1996); see Marrama v. Citizens Bank, 549 U.S. 365, 373–74 (2007). "[T]he bar for finding bad faith is a high one. . . . [B]ad faith exists only where the petitioner has abused the provisions, purpose, or spirit of bankruptcy law." Janvey v. Romero, 883 F.3d 406, 412 (4th Cir. 2018) (quotations omitted). A court must consider the totality of the circumstances when determining if a debtor acted in bad faith. See id.; Edwards v. Wells Fargo Bank, N.A., 311 F. Supp. 3d 746, 749 (E.D.N.C. 2018).

After receiving evidence, reviewing the record, and listening to Amanda Purdy's testimony, the bankruptcy court found that the Purdys violated its orders in bad faith. See [D.E. 10-2] 14–21; [D.E. 12] 71–72. The bankruptcy court found that Amanda Purdy forged a letter from the Trustee to incur a debt, which violated court orders, local rules, and terms of the Plan and constituted "blatant abuse of the provisions, purpose[,] and spirit of the Bankruptcy Code." [D.E. 10-2] 16–17. The bankruptcy court also found that the Purdys "sought to maintain the protections and benefits they were enjoying, such as a stay of collection actions and the opportunity to discharge significant unsecured debt, while furtively violating the Order and Notice to the Debtor, the Denial Order, the oral ruling denying the Motion to Reconsider[,] and the Local Rules." Id. at 17–18. Accordingly, the bankruptcy court held that "[c]ause exists to dismiss this case under [section] 1307(c)." Id. at 18.

5

The record supports the bankruptcy court's findings and conclusions. The Purdys incurred a debt to obtain their residence, contravening the bankruptcy court's orders. See [D.E. 10-2] 13; [D.E. 10-1] 19–21; [D.E. 11-1] 83–86. Moreover, Amanda Purdy forged a letter from the Trustee to do so, which constituted bad faith. See, e.g., In re Richardson, 649 B.R. 708, 712–715 (Bankr. D.S.C. 2023); In re Sherrod, No. 17-40434, 2018 WL 3323883, at *5 (Bankr. S.D. Ga. July 5, 2018) (unpublished). Indeed, Amanda Purdy's conduct is egregious enough to warrant criminal charges. See 18 U.S.C. §§ 1343, 1344, 1028A; Dubin v. United States, 599 U.S. 110, 118–132 (2023); cf. [D.E. 10-2] 21.[2]

The Purdys argue that the bankruptcy court erred by admitting the forged letter into evidence and relying on it because the Purdys did not contest that they violated the Local Rules. See [D.E. 17] 21–22. The bankruptcy court properly rejected this argument. See [D.E. 12] 38–40. Although the Purdys admitted to violating the Local Rules, they opposed the Trustee's motion to dismiss. See id.; [D.E. 10-1] 45–48. The bankruptcy court properly received evidence concerning how the Purdys violated the Bankruptcy Code, its orders, and the Local Rules because, in deciding whether dismissal was proper, the bankruptcy court had to examine the totality of the circumstances. See, e.g., Janvey, 883 F.3d at 412–15; In re Richardson, 649 B.R. at 712–15; In re Sherrod, 2018 WL 3323883, at *5. The forged letter was central to the Purdys' ability to violate the Bankruptcy Code and the bankruptcy court's orders. See [D.E. 10-2] 14 (finding that Veterans United would not give the Purdys a mortgage until it received "a document on letterhead from the Trustee regarding approval to proceed with the purchase"); [D.E. 12] 35–36 (Amanda Purdy testifying that "[Veterans United] repeatedly told me the only thing needed was a trustee's letter and approval"). Thus, the forged letter was relevant to the bankruptcy court's inquiry, and the bankruptcy court properly considered it. Cf. [D.E. 12] 39–40.

---

[2] The Clerk of Court shall send a copy of this order to United States Attorney Michael F. Easley, Jr.

6

The Purdys contend that the bankruptcy court improperly dismissed their case with prejudice and improperly barred them from refiling bankruptcy for a period of time. See [D.E. 17] 22–23. "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed." 11 U.S.C. § 349(a). Except as provided in 11 U.S.C. § 109(g), dismissal of a case does not "prejudice the debtor with regard to the filing of a subsequent [bankruptcy] petition." See id. If a debtor's case "was dismissed by the court for willful failure of the debtor to abide by orders of the court," then the debtor may not refile for bankruptcy for 180 days. 11 U.S.C. § 109(g). This provision, however, "merely provides a minimum amount of time before a case may be refiled, not a maximum period of time for which the bankruptcy court may dismiss a case with prejudice when there is a dismissal for cause." Lerch v. Fed. Land Bank of St. Louis, 94 B.R. 998, 1001 (N.D. Ill. 1989) (emphasis in original); see In re Tomlin, 105 F.3d 933, 939 (4th Cir. 1997); In re Stockwell, 579 B.R. 367, 373 (Bankr. E.D.N.C. 2017); In re Weaver, 222 B.R. 521, 523 n.1 (Bankr. E.D. Va. 1998); In re Robertson, 206 B.R. 826, 830–31 (Bankr. E.D. Va. 1996); In re Jolly, 143 B.R. at 387.

The bankruptcy court properly found that "a substantial temporal bar on filing subsequent petitions is appropriate." [D.E. 10-2] 19. The evidence established that Amanda Purdy intentionally devised a scheme to forge a letter from the Trustee to obtain a debt that she knew violated court orders. See id. Even if Marcus Purdy had no knowledge of Amanda Purdy's forgery, Marcus Purdy knew the court had explicitly denied the Purdys' requests to incur the debt, and he reaped the benefits of the Veterans United mortgage anyway. See id. The Trustee asked the bankruptcy court to bar the Purdys from refiling for bankruptcy for 15 years. See [D.E. 10-1] 25. Ultimately, the bankruptcy court barred Amanda Purdy from filing for bankruptcy for ten years and barred Marcus Purdy from filing for bankruptcy for five years. See [D.E. 10-2] 4. The record supports the bankruptcy court's finding of bad faith and that the Purdys egregiously abused the bankruptcy

7

system. Accordingly, the court affirms the bankruptcy court's decision to bar the Purdys from refiling for bankruptcy for several years.

The bankruptcy court properly dismissed the Purdys' case with prejudice in light of the forged letter and the bad faith. See 11 U.S.C. §§ 109(g), 349(a), 1307(c). Because the court agrees that Amanda Purdy engaged in fraud and the Purdys acted in bad faith when they violated court orders to not incur the debt, the court need not reach the Purdys' argument that the Local Rules violate the Rules Enabling Act or are unconstitutional. See [D.E. 17] 11–20.

Finally, the Purdys raise numerous other arguments that do not bear on resolving the appeal or are baseless. See, e.g., [D.E. 17] 27 (arguing "there is no evidence" that "the home purchase eschewed the order and dignity of the bankruptcy proceedings"), 34 ("No court order was violated."); [D.E. 20] 5 (arguing that the motion to dismiss was primarily based on a violation of the Local Rules and not the forged letter), 6 (arguing the "forged letter was not fraud"), 12 ("[T]here was no finding regarding damages to any party in the bankruptcy case."). The court declines to consider the Purdys' irrelevant or baseless arguments and affirms the bankruptcy court's judgment.

III.

In sum, the court AFFIRMS the bankruptcy court's judgment. The clerk SHALL close case No. 5:23-CV-170-D. The clerk SHALL send a copy of this order to United States Attorney Michael F. Easley, Jr.

SO ORDERED. This 13 day of November, 2023.

JAMES C. DEVER III
United States District Judge