**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2283

MARCUS C. PURDY; AMANDA J. PURDY,

      Debtors - Appellants,

  v.

MICHAEL BRANDON BURNETT; BANKRUPTCY ADMINISTRATOR,

      Trustees - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cv-00170-D)

Submitted:  April 1, 2025                                                    Decided:  May 28, 2025

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Travis P. Sasser, SASSER LAW FIRM, Cary, North Carolina, for Appellant. Michael B. Burnett, OFFICE OF THE CHAPTER 13 TRUSTEE, Raleigh, North Carolina; Brian C. Behr, Kirstin E. Gardner, OFFICE OF THE BANKRUPTCY ADMINISTRATOR, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus C. Purdy and Amanda J. Purdy appeal the district court's order affirming the bankruptcy court's order dismissing their Chapter 13 bankruptcy case for cause and imposing a ban on filing further bankruptcy claims for a period of five years for Marcus Purdy and 10 years for Amanda Purdy.  The bankruptcy court may dismiss a Chapter 13 bankruptcy case for cause. 11 U.S.C. § 1307(c).  Cause may be based on the bad faith of the debtor.  *See In re Kestell*, 99 F.3d 146, 148 (4th Cir. 1996); *see Sugar v. Burnett*, __F.4th __, __, Nos. 24-1374, 24-1436, 2025 WL 699526, at *8 (4th Cir. Mar. 12, 2025).  Here, the district court properly affirmed the bankruptcy court's order based on its finding that the Purdys' fraud and knowing violation of court orders and local rules met the high bar for bad faith; these actions demonstrated an abuse of the provisions, purpose, and spirit of bankruptcy law.  *See Janvey v. Romero*, 883 F.3d 406, 412 (4th Cir. 2018).

The Purdys also argue that Bankr. E.D.N.C. LBR 4002-1(g)(5) and (g)(6) are invalid.  However, "regardless of [the] facial validity of [this rule, the Purdys] agreed to be bound by its provisions under the plain language of [their] confirmed [p]lan." *Sugar*, 2025 WL 699526, at *6.  Therefore, they "cannot now object to the general proposition that the Local Rule governed [their] conduct following [p]lan confirmation." *Id.*

Accordingly, we affirm the district court's order.  *Purdy v. Burnett*, No. 5:23-cv-00170-D (E.D.N.C., Dever, J., No. 5:23-cv-00170-D**)**.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*